IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TOD SEELIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:23-cv-01208 |
| | ) | JURY DEMAND |
| THE LAST AMERICAN VAGABOND, LLC, | ) | |
| | ) | Judge Aleta A. Trauger |
| | ) | Magistrate Judge Alistair E. Newbern |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Comes now Defendant, The Last American Vagabond, LLC ("TLAV"), and for their Answer To Plaintiff's Complaint would state as follows:

**INTRODUCTION**

1. TLAV admits the allegations set forth in Paragraph 1 of the Complaint.

2. TLAV is without knowledge sufficient to set forth a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint and therefore denies the same.

3. TLAV admits the allegations set forth in Paragraph 3 of the Complaint.

4. TLAV denies the allegations set forth in Paragraph 4 of the Complaint.

**PARTIES**

5. TLAV is without knowledge sufficient to set forth a belief as to the truth of the allegations set forth in Paragraph 5.

6. TLAV admits the allegations set forth in Paragraph 6 of the Complaint.

**JURISDICTION AND VENUE**

7. TLAV admits the allegations set forth in Paragraph 7 of the Complaint.

8. TLAV admits the allegations set forth in Paragraph 8 of the Complaint.

9. TLAV admits that it conducts business in this Judicial District. TLAV denies the remaining allegations set forth in Paragraph 9 of the Complaint.

## FACTS COMMON TO ALL CLAIMS

10. TLAV is without knowledge sufficient to set forth a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and therefore denies the same.

11. TLAV is without knowledge sufficient to set forth a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and therefore denies the same.

12. TLAV is without knowledge sufficient to set forth a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and therefore denies the same.

13. TLAV is without knowledge sufficient to set forth a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and therefore denies the same.

14. TLAV denies the allegations set forth in Paragraph 14 of the Complaint.

15. TLAV denies the allegations set forth in Paragraph 15 of the Complaint.

16. TLAV is without knowledge sufficient to set forth a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and therefore denies the same.

17. TLAV is without knowledge sufficient to set forth a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and therefore denies the same.

18. TLAV is without knowledge sufficient to set forth a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and therefore denies the same.

19. TLAV is without knowledge sufficient to set forth a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and therefore denies the same.

20. TLAV is without knowledge sufficient to set forth a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint and therefore denies the same.

21. TLAV denies the allegations set forth in Paragraph 21 of the Complaint.

22. TLAV denies the allegations set forth in Paragraph 22 of the Complaint.

23. TLAV denies the allegations set forth in Paragraph 23 of the Complaint.

24. TLAV denies the allegations set forth in Paragraph 24 of the Complaint.

25. TLAV denies the allegations set forth in Paragraph 25 of the Complaint to the extent that Defendant takes an active and pervasive role in the content posted on its Website including, but not limited to copying, posting, selecting, commenting on, and/or displaying images. TLAV is without knowledge sufficient to set forth a belief as to the truth of the remaining allegations set forth in Paragraph 25 of the Complaint and therefore denies the same.

26. TLAV admits the allegations set forth in Paragraph 26 of the Complaint.

27. TLAV denies the allegations set forth in Paragraph 27 of the Complaint.

28. TLAV admits the allegations set forth in Paragraph 28 of the Complaint.

29. TLAV denies the allegations set forth in Paragraph 29 of the Complaint.

30. TLAV denies the allegations set forth in Paragraph 30 of the Complaint.

31. TLAV denies the allegations set forth in Paragraph 31 of the Complaint.

32. TLAV denies the allegations set forth in Paragraph 32 of the Complaint.

33. TLAV denies the allegations set forth in Paragraph 33 of the Complaint.

34. TLAV admits the allegations set forth in Paragraph 34 of the Complaint.

35. TLAV denies the allegations set forth in Paragraph 35 of the Complaint.

36. TLAV admits the allegations set forth in Paragraph 36 of the Complaint.

37. TLAV denies the allegations set forth in Paragraph 37 of the Complaint.

38. TLAV denies the allegations set forth in Paragraph 38 of the Complaint.

39. TLAV denies the allegations set forth in Paragraph 39 of the Complaint.

40. TLAV denies the allegations set forth in Paragraph 40 of the Complaint.

41. TLAV denies the allegations set forth in Paragraph 41 of the Complaint.

42. TLAV admits the allegations set forth in Paragraph 42 of the Complaint.

43. TLAV admits the allegations set forth in Paragraph 43 of the Complaint.

44. TLAV denies the allegations set forth in Paragraph 44 of the Complaint.

45. TLAV denies the allegations set forth in Paragraph 45 of the Complaint.

46. TLAV denies the allegations set forth in Paragraph 46 of the Complaint.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

47. The statements contained in Paragraph 47 of the Complaint are not allegations to which a response is required.

48. TLAV is without knowledge sufficient to set forth a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint and therefore denies the same.

49. TLAV denies the allegations set forth in Paragraph 49 of the Complaint.

50. TLAV denies the allegations set forth in Paragraph 50 of the Complaint.

51. TLAV denies the allegations set forth in Paragraph 51 of the Complaint.

52. TLAV denies the allegations set forth in Paragraph 52 of the Complaint.

53. TLAV denies the allegations set forth in Paragraph 53 of the Complaint.

54. TLAV denies the allegations set forth in Paragraph 54 of the Complaint.

55. TLAV denies the allegations set forth in Paragraph 55 of the Complaint.

## JURY DEMAND

56. TLAV does not demand a trial of this action by jury.

TLAV denies any allegation not specifically admitted.

TLAV denies that Plaintiff is entitled to any relief from this Defendant.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint should be dismissed in whole, or in part, because it fails to state a cause of action upon which relief may be granted and/or fails to allege sufficient facts necessary to state a claim.

### SECOND DEFENSE

Plaintiff's claims are barred because TLAV has substantially complied with any and all federal, state, or local statutes, regulations, constitutional provisions, common laws, or public policies and have caused no damage to Plaintiff.

### THIRD DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, and laches.

### FOURTH DEFENSE

At all times relevant to this action, TLAV's actions were in good faith and TLAV had reasonable grounds for believing those actions were not in violation of any law.

### FIFTH DEFENSE

There is no causal connection between TLAV's action or inaction and any injury allegedly suffered by Plaintiff.

### SIXTH DEFENSE

Plaintiff must designate elective damages or statutory damages and has failed to do so at this time.

## SEVENTH DEFENSE

Defendant reserves the right to amend their Answer and to add additional or other affirmative or special defenses or to delete or withdraw affirmative or special defenses as may become necessary.

## PRAYER FOR RELIEF

**WHEREFORE**, **PREMISES CONSIDERED**, Defendant denies liability to Plaintiff and pray that their Answer be deemed good and sufficient and request that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and such other and further relief, legal and equitable, including attorney's fees, be awarded to Defendant in the defense of this matter.

Submitted this 22nd day of February 2024.

Respectfully submitted,

/s/ *M. Todd Sandahl*
M. Todd Sandahl, #19167
Attorney at Law
234 First Avenue South
Franklin, Tennessee 37064
(615) 794-3450
Fax: (615) 794-3510
tsandahl@mtslaw.com

Attorney for Defendant,
  The Last American Vagabond, LLC

## CERTIFICATE OF SERVICE

      I hereby certify that a true and exact copy of the foregoing document has been served via the Court's electronic filing system on the following:

Craig B. Sanders, Esq.
Sanders Law Group
333 Earle Ovington Blvd., Suite 402
Uniondale, NY 11553
csanders@sanderslaw.group

Counsel for Plaintiff

Dated: February 22, 2024.

                                            /s/ *M. Todd Sandahl*
                                            M. Todd Sandahl